UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**TRAVEYON RICHARDSON and BREON STROUP** | Criminal No. 23cr10177 |

### SENTENCING MEMORANDUM OF TRAVEYON RICHARDSON

Defendant Traveyon Richardson respectfully submits this sentencing memorandum for consideration at his sentencing, currently scheduled for July 10, 2024 at 11:00 a.m. before The Honorable Chief Judge F. Dennis Saylor, IV.

### Introduction

On April 1, 2024, Mr. Richardson, 26 years old, pled guilty to Count 1 of the indictment, conspiracy to straw purchase firearms in violation of Title 18, United States Code, Section 932(b). Mr. Richardson also pled guilty to Count 3, trafficking in firearms, in violation of United States Code Section 933(a)(1). There was no plea agreement. Mr. Richardson engaged in this conduct in cooperation with and, we submit, under the influence of, his half-brother, co-defendant Breon Stroup. There are no victims identified in relation to this offense.

Mr. Richardson has taken responsibility for his conduct both before and after his arrest. Given Mr. Richardson's personal circumstances and a criminal history score of zero, we respectfully submit that after consideration of all factors to be considered in imposing a sentence (18 U.S.C. §3553 (a)), Mr. Richardson should be sentenced to the 11 months, 18 days of incarceration that he has already served at the Wyatt Detention Center in Rhode Island.

**Sentencing Standard**

The PreSentence Investigation Report ("PSR") submitted to this Court relies on the non-binding 2021 Guidelines Manual to establish a Total Offense Level of 16 and a custodial sentence of 21 to 27 months, followed by a period of probation. The base offense level is calculated at 12, with a four-level enhancement for trafficking in firearms, a two-level enhancement for obstruction of justice, and a decrease of two levels for acceptance of responsibility. PSR Paras. 25-33. Counts 1 and 3 are grouped together. Para. 24. Mr. Richardson has a criminal history score of zero and thus a criminal history category of 1. Para. 37.

This Court should impose a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as outlined in 18 U.S.C. §3553(a), under the principles enumerated in *United States v. Booker*, 543 U.S. 220 (2005) and its progeny. *See, Gall v. United States*, 128 S.Ct. 586 (2007); *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Cirilo-Munoz*, 504 F.3d 106, 109 (1st Cir. 2007). The Court should consider the applicable, non-binding Sentencing Guidelines (18 U.S.C. § 3553(a)(4)) and the factors articulated under 18 U.S.C. § 3553(a)(2). Defendant submits that the sentence already served satisfies all of these factors.

**SENTENCING FACTORS**

**The Section 3553(a) Factors Support a Downward Departure**

1. **The nature and circumstances of the offense**

Mr. Richardson has pled guilty to conspiracy to straw purchase firearms and to trafficking of firearms. Both charges relate to Mr. Richardson's actions in purchasing two firearms in Holden, Maine, near his home, at the request and direction of his brother, co-defendant Stroup, and transporting them to Mr. Stroup's home in Fall River, Massachusetts.

Mr. Stroup identified the specific handguns and requested that Mr. Richardson purchase them for him and deliver them to him in Massachusetts. The firearms were discovered by the Fall River Police Department during a search of Mr. Stroup's home on October 4, 2022. The firearms were traced to Maine Military Supply, a federal firearms licensee and distributor in Holden, Maine. ATF reviewed video from the store that showed Mr. Richardson picking up the firearms.

When interviewed by ATF, Richardson did not deny purchasing the firearms but did deny that he had purchased the firearms for Mr. Stroup. Mr. Richardson stated "no, I'm pretty sure he's a felon." PSR, para. 16. In the same interview Mr. Richardson provided ATF with his Snapchat account name, which ATF was able to use in building its case against Richardson. The actions of Mr. Richardson thus were directed toward protecting Mr. Stroup as much as, if not more than, protecting himself.

**2. The history and characteristics of the defendant**

Traveyon Richardson is a nice guy who has lived an unsettled life. His mother died when he was 7 and he was raised by his father and two biological siblings. He also has six paternal half- siblings, one of whom is Breon Stroup, co-defendant herein and just a year older than Mr. Richardson. After his mother's death, Mr. Richardson's maternal grandmother came to live with the family, and thereafter the family lived in Rhode Island, New Hampshire, and at least five towns in Maine. He was living with his father, Barry Richardson, at the time of his arrest and they remain in regular contact. Mr. Richardson will return to live with his father upon his release from detention. The PSR states that he "reported that his family is supportive of him and were surprised to hear of the instant offense because it's not his character." PSR, para. 47.

Mr. Richardson also suffers from a myriad of physical and mental health challenges. He was diagnosed with Type II diabetes in 2020, is insulin-dependent, and until his incarceration at Wyatt Detention Center relied on an omnipod insulin pump to address is fluctuating blood sugar level.  Wyatt does not prescribe this treatment so he has been receiving fixed medications over the past 11 months that do reflect the current best treatment for his condition as they do not address his varying sugar levels and may be harmful to his health.

Mr. Richardson reports he was diagnosed with attention deficit hyperactivity disorder as a young teenager and was prescribed Ritalin. In 2014 he was also diagnosed with bipolar disorder, anxiety and depression and in 2015 was admitted to a hospital for feelings of loneliness and sadness. Mr. Richardson's mother passed away at age 33 from complications with her diabetes which exacerbates his anxiety over his own health and managing his diabetes. Over the years he has taken several prescribed psychiatric medications. In 2019 he received a medical marijuana card for anxiety and also received a diagnosis of Cannabis Use Disorder.  He has participated in therapy intermittently since 2016 and should he be allowed to return to Maine, he plans to continue to see his former therapist to address his bipolar disorder and mood disorder. PSR, paras. 52-63.

Mr. Richardson has demonstrated difficulties with interpersonal relationships and since his incarceration at Wyatt he has taken steps to address those difficulties.  He has passed E-learning courses in Adapting to Change, Advanced Interpersonal Communications: Building Relationships through Feedback, and Styles and Method; Anger Management, and Strategic Decision Making: Negotiation Decisions. He has also obtained training in CPR and First Aid. Mr. Richardson has been reading books daily, typically entrepreneurial/business books, in preparation for returning to a law-abiding place in the community.

The combination of all of these factors leads to the conclusion that Mr. Richardson is an individual with multiple challenges who made a bad decision in agreeing to help his brother purchase firearms. It is not activity in which he has previously engaged, and it is activity his own family finds out of character. Likewise, his unsophisticated attempts to mislead ATF reflect the actions of someone who is not thinking things through.  He did not deny the purchase, only the intent, yet then provided his Snapchat account that could only be used to undermine his story.

3. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

Purchasing guns for a felon, even your own half-brother, is a serious offense, and Mr. Richardson recognizes that.  He has spent more than 11 months in federal detention in Rhode Island, far from his family in northern Maine.  While he has done his best to use his time wisely, he nevertheless has been isolated and challenged by his incarceration, a first for him.  It is appropriate to consider these pre-trial conditions in assessing an appropriate sentence for Mr. Richardson. *See, United States v. Carty*, 264 F.3d 191, 196–97 (2d Cir. 2001) ("pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures").  He has served more than half the minimum suggested guidelines range already, and with no prior experience in the federal criminal justice system, he has certainly recognized the seriousness of his offense and come to respect the reach and seriousness of federal gun laws. A sentence of almost a year for a person with no prior history amounts to just punishment.

4. **The need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant**

Based on his age, record, time served, and all he has lost along with his freedom, time served is adequate to deter Mr. Richardson from further criminal conduct.  The nature of this offense did not present a victim. Nevertheless, firearms trafficking is a serious crime in which

5

Mr. Richardson is unlikely to engage in again, given the year of incarceration he has already served, and that incarceration is sufficient to protect the public from any further crimes.

5. **The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

Mr. Richardson is interested in pursuing mental health counseling and will participate in any mental health treatment program and Intimate Partner Abuse Education Program as directed by the Probation Office.

6. **The kinds of sentences available and sentencing range**

The PSR calculated a guidelines range of 21 to 27 months is based on an offense level of 16, which includes a four-level enhancement for a firearms offense and two levels for obstruction of justice. Mr. Richardson has been given a two-level decrease for acceptance of responsibility, and we submit that he should not be assigned a two-level increase for obstruction of justice.

While his initial statements to ATF were false, he appeared for the interview voluntarily, cooperated by giving his Snapchat account, and arguably acted to protect his half-brother rather than himself. His conduct, while wrongful, in no way impeded the investigation. He did not deny the purchase of the firearms; he only denied that he bought them with the intent of providing them to his brother. Given his relative lack of sophistication, his mental health challenges, and his familial bonds, a downward departure to allow for a sentence of time served will serve the interests of justice.

7. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

A sentence of one year, the approximate time served, is admittedly less than the average (19 months) or median (18 months) sentences for defendants with a Final Offense Level of 16 and a Criminal History Category of 1. PSR, para. 95. A sentence of time served fits within the appropriate range in consideration of Mr. Richardson's age, personal and criminal history, the absence of violence or a victim, and the influence that his half-brother clearly had on his decision-making.

**8. The need to provide restitution to any victims of the offense**

Restitution is not application in this case. PSR, para. 91, 92.

Mr. Richardson has been incarcerated for a year and does not have funds or assets to pay a fine.

**SENTENCE PROPOSED**

For an action that is considered by those who know him as "out of character," undertaken on behalf of a half-sibling with undue influence, and for which Mr. Richardson has taken responsibility, acknowledged his fault, pled guilty without the benefit of a plea agreement in the hope of moving forward with a law-abiding life, and shown remorse, Mr. Richardson should be sentenced to time served and allowed to be released from federal custody. This is a significant sentence. A longer sentence will not serve to appropriately punish Mr. Richardson but rather seems likely to inhibit rehabilitation, a return to legitimate employment and connection with his law-abiding family and community.

Dated: July 5, 2024             Respectfully submitted,

                                MARKHAM READ ZERNER LLC

                                */s/ Bridget A. Zerner*
                                Bridget A. Zerner (Bar No. BZ2582)
                                John J. E. Markham, II (Bar No. JM4744)
                                11A Commercial Wharf West

Boston, MA 02110
Tel: 617-523-6329
Fax: 617-742-8604
Email: bzerner@markhamread.com
*Attorneys for Traveyon Richardson*

Certificate of Service

   I hereby certify that on July 5, 2024 I caused the undersigned to be served with the forgoing by e-filing that motion on the CM/ECF filing system:

Lucy Sun, Assistant U. S. Attorney
595 Main Street, Room 206
Worcester, MA 01608
508-368-0103
lucy.sun@usdoj.gov

Timothy E. Moran, Assistant U. S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3246
timothy.e.moran@usdoj.gov

Luciana Sousa, U. S. Probation Officer
Boston, MA
617-735-0209
Luciana_Sousa@map.uscourts.gov

               */s/ Bridget A. Zerner*
               Bridget A. Zerner